# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-126V

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * * | | |
| TIMOTHY YANNACONE, | * | Chief Special Master Corcoran |
| | * | |
| | * | Filed: October 2, 2024 |
| Petitioner, | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * * * * * * * * * * * | | |

*Ronald Craig Homer*, Conway, Homer, P.C., Boston, MA, for Petitioner.

*Alexis Babcock*, U.S. Dept. of Justice, Washington, D.C., for Respondent.

### DECISION GRANTING ATTORNEY'S FEES AND COSTS[1]

On January 6, 2021, Timothy Yannacone filed a petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petitioner alleged that he incurred a primary cutaneous leiomyosarcoma after receipt of an influenza vaccine on September 13, 2018. Petition (ECF No. 1) at 1. Although the matter had been set for hearing, the parties later agreed that it could be resolved based upon the written filed record (see Docket Entry, dated October 5, 2023). Both parties offered expert reports and opted to rely on their prehearing

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

1

briefs for their respective positions, and after a complete review of the record, I denied entitlement on February 22, 2024. Entitlement Decision, dated February 22, 2024 (ECF No. 62).

Petitioner previously filed an interim fees motion on April 19, 2022. Interim Fees Motion, dated April 19, 2022 (ECF No. 37). A ruling on the motion was subsequently deferred until resolution of the underlying matter. *See* Order, dated May 5, 2022 (ECF No. 40). Petitioner has now filed a final motion for an award of attorney's fees and costs. Final Motion, dated September 19, 2024 (ECF No. 67) ("Final Fees Mot."). The new motion incorporates the fees and costs previously requested in the interim motion, adding additional time billed to the matter. Final Fees Mot. at 1 n.1.

Petitioner requests a total of $87,677.94 – representing $62,681.10 in fees incurred for the work of attorneys at Conway Homer, P.C., $24,987.44 in attorneys' costs, and $9.40 in Petitioner's costs. Final Fees Mot. at 1-2. Respondent reacted to the final fees request on September 20, 2024. Response, dated September 20, 2024 (ECF No. 69) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2-4. Petitioner did not file a reply.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$87,677.94**.

## ANALYSIS

### I.   Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find that there was a sufficient objective basis to entitle him to a fees and costs award. There was objective evidence in the medical record that Petitioner's leiomyosarcoma developed at the situs of the vaccination within a month of receiving the vaccine, and although causation was not established, the claim raised fair questions about a possible vaccine association. Thus (and in light of the exceedingly lenient standard that governs reasonable basis determinations), a final award of fees and costs in this matter is permissible. And because I find no reason otherwise to deny a fees award, I will allow one herein.

## II.     Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

involves application of the lodestar method - "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|
| **Meredith Daniels (Attorney)** | $320.00 | $350.00 | $350.00 | $410.00 | $455.00 | $485.00 |
| **Ronald Homer (Attorney)** | — | — | $447.00 | $475.00 | $500.00 | $525.00 |
| **Patrick Kelly (Attorney)** | — | — | $225.00 | $250.00 | — | — |
| **Lauren Faga (Attorney)** | — | — | $330.00 | — | — | — |
| **Christina Ciampolilo (Attorney)** | — | — | $380.00 | $425.00 | $470.00 | $500.00 |
| **Nathaniel Enos (Attorney)** | — | — | — | $280.00 | $320.00 | — |
| **Joseph Pepper (Attorney)** | — | — | — | $415.00 | $455.00 | — |
| **Paralegals** | $145.00 | $155.00 | $155.00 | $170.00 | $185.00 | $195.00 |

Final Fees Mot. at 5-33.

4

The attorneys at Conway, Homer P.C. practice in Boston, MA—a jurisdiction that has been deemed "in forum." Accordingly, they should be paid forum rates as established in *McCulloch. See Lozano v. Sec'y of Health & Hum. Servs.*, No. 15-369V, 2020 WL 7869439, at *3 (Fed. Cl. Spec. Mstr. Nov. 30, 2020). The rates requested for these attorneys and paralegals are also consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *See Almudhari v. Sec'y of Health & Hum. Servs.*, No. 22-1599V, 2024 WL 4235773, at *1 (Fed. Cl. Spec. Mstr. Aug. 6, 2024). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter to be reasonable. I will therefore award all fees requested without adjustment.

### III.   Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $24,987.44 in outstanding attorneys' costs, including the filing fee, medical record retrieval costs, mailing costs, and costs associated with the work of one expert, Kyle Amber, M.D. Final Fees Mot. at 2, 36-61. Dr. Amber prepared two written reports in this case and submitted an invoice reflecting a total amount of $8,100 charged to the matter (13.5 hours of work billed at $600 per hour). *Id.* at 54. Petitioner also seeks $9.40 in petitioner's costs, specifically mailing costs. *Id.* at 2, 63-64. This sum was reasonable for the work performed, and I do not find any reason to make reductions. The same is true for the other litigation-related costs.

Thus, all requested costs in this matter shall be awarded.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited Oct. 2, 2024).

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$87,677.94** reflecting $62,681.10 in attorneys' fees, $24,987.44 in attorneys' costs, and $9.40 in petitioner's costs in the form of a check made jointly payable to Petitioner and the attorneys at Conway, Homer P.C.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran  
Brian H. Corcoran  
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.